## 61641. BAILEY v. THE STATE.

BANKE, Judge.

The appellant was convicted of possessing various drugs in violation of the Georgia Controlled Substances Act, based upon evidence seized from his car after it was stopped by a police officer. He contends on appeal that the detention of his vehicle and the subsequent seizure of evidence from it were unlawful.

The police officer testified that he observed the appellant's car with the door open at a gas station on U. S. Highway 29 at about 2:00 a.m. The area was well-lit, but the station was closed. The car was parked near a restroom and some vending machines. The station had been the scene of previous robberies and burglaries, and the vending machines had been broken into on many occasions. As the officer approached, the driver of appellant's car, a co-defendant, dropped or threw something from the car and then proceeded to exit the gas station onto Route 29 without stopping, at an unusually high rate of speed.

Based on these observations, the officer pursued and stopped the car. Through its open door, he observed an automatic pistol on the front seat and what appeared to be a hand-rolled marijuana cigarette on the floor. He placed the appellant and co-defendant under arrest and then retrieved a plastic bag which was protruding from under the front seat on the passenger side. The bag contained a

green leafy substance and some assorted capsules. The officer testified that the appellant consented at that point to a search of the car, which led to the discovery of a box containing two bottles of liquid amphetamine, under the seat on the passenger's side. Analysis of the capsules was positive for LSD, phencyclidine. The green leafy material proved to be marijuana. *Held:*

We conclude, as did appellant in his brief, that the legality of the stop is the controlling issue before us, since the officer testified that the appellant consented to the search, which revealed the liquid amphetamines, and the other items were found in plain view.

"A police officer has a limited right to an investigative stop of a person or vehicle. '(C)ircumstances short of probable cause for arrest may justify the stopping of a pedestrian or motorist for limited questioning. (Cits.)' *Anderson v. State,* 123 Ga. App. 57, 60 (179 SE2d 286)." *Merrill v. State,* 130 Ga. App. 745, 751 (204 SE2d 632) (1974). See also *State v. Thomason,* 153 Ga. App. 345 (1) (265 SE2d 312) (1980). The totality of the circumstances presented justified the limited intrusion pursuant to Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 20, 1981.

*C. Bradford Sears, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.