## 62578. HOWELL v. THE STATE.

BIRDSONG, Judge.

Charles Kirkland Howell was convicted of two violations of the Georgia Controlled Substances Act and sentenced to two years' probation. He appeals from the denial of his motion to suppress evidence.

Howell and his friend Hooks, returning from an evening at the Limelight nightclub in Atlanta to their homes in Griffin, were forced to pull off the road when Hooks, who was driving, became ill. Shortly thereafter Officer Bundrick of the Atlanta Police Department, who was on patrol duty in the area, noticed their automobile off the street with "[t]he front of the vehicle . . . butted up against a street light." Howell was outside the car; Hooks was lying on the pavement on the passenger side of the automobile with one leg still inside. While Officer Bundrick was attempting to administer aid to Hooks, Howell, who appeared to Bundrick to be in "a drug-enhanced state . . . incoherent, didn't understand anything I was saying to him, walking around, staggering, glassy-eyed . . ." attempted to leave the scene. Officer Bundrick left Hooks to put Howell in the patrol car to keep him from walking away in his debilitated condition. As he placed Howell in the patrol car, Bundrick did a quick search by patting him down on the outside of his clothes. At that point Bundrick either found or Howell handed to him, depending on whose version of the events is accepted, a plastic bag containing an envelope of a green leafy material, later determined to be marijuana, and another separate plastic bag holding a white powdery substance, subsequently identified as phencyclidine. Howell was then arrested and charged.

Appellant contends that the facts of this situation totally fail to establish that the officer had any specific articulable suspicion to justify the warrantless search of his person and seizure of the

suspected drugs as required by Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). We do not agree.

"Even though acts of peace officers in detaining and questioning a citizen are necessarily a curtailment of the citizen's right to go about his business unmolested (i. e., a seizure of the person); but more importantly because investigation and questioning are necessary elements of crime prevention and detection, the exigencies of the situation as they reasonably appear at the time to the officer involved must dictate the extent of intrusion into constitutionally protected areas. Beck v. Ohio, 379 U. S. 89, 96 (85 SC 223, 13 LE2d 142). Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892).

"The reverse of the above is that the Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest, to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, it may be the essence of good police work to adopt an intermediate response. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612); *Stiggers v. State,* 151 Ga. App. 546, 547 (1) (260 SE2d 413)." *State v. Misuraca,* 157 Ga. App. 361, 364-365 (276 SE2d 679); *Holley v. State,* 157 Ga. App. 863, 865 (2) (278 SE2d 738).

In the instant case we are not involved with the stop and search of a vehicle — the position of the automobile and condition of its occupants clearly invoked sufficient suspicion to warrant limited police investigation, and the car was not searched. See *Radowick v. State,* 145 Ga. App. 231 (1) (244 SE2d 346). The only issue is whether the officer had a "reasonable apprehension" that Howell was armed or dangerous so as to justify his detention and the "Terry-type" search. *Radowick,* supra, p. 237. Under the circumstances here, we fail to see how the investigating officer could have done less without being derelict in his duties; indeed, it would have been foolhardy to place an incoherent, drugged-appearing person in a patrol car

without a protective patdown of the outer surface of his clothing for weapons. Compare *Singer v. State,* 156 Ga. App. 416 (1) (274 SE2d 612). In any event, if the jury believed Officer Bundrick's testimony, which they were authorized to do, appellant voluntarily produced the drugs and handed them to the officer before they were discovered as a result of the frisk. Under the totality of the circumstances presented, the limited intrusion pursuant to Terry v. Ohio, supra, was not arbitrary or harassing and the trial court correctly denied Howell's motion to suppress. Accord, *Bailey v. State,* 158 Ga. App. 96 (279 SE2d 334).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 24, 1981.

*Ken Gordon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard Hicks, Assistant District Attorneys,* for appellee.