68511. AMMONS v. THE STATE.
(322 SE2d 543)

McMURRAY, Chief Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act. He was sentenced to serve five years on probation but to serve 60 days in confinement and to pay a fine of $1,000, among other things in the general conditions of probation, including the condition that he not violate any state or federal laws. A petition to revoke his probation was filed with rule nisi attached.

Defendant filed a motion to suppress evidence and after a hearing this motion was denied. Based on the evidence at that hearing the

trial court revoked the defendant's probation and ordered him to serve three years. Defendant appeals, enumerating error only to the denial of his motion to suppress evidence which he contends was illegally seized. *Held*:

The evidence disclosed that the defendant was a passenger in a vehicle which was drag racing. Testimony disclosed that the arresting officer was advised by another officer that the passenger was acting suspiciously with reference to his hands being hidden under his jacket. He was ordered to exit the vehicle and to remove his hands from his jacket. The officer laid the jacket on top of the police car and proceeded to "frisk" defendant. The officer then felt of the jacket and felt something hard inside estimated to be three or four inches long which he believed to be a knife. When the object was removed by the officer the contraband was found. Defendant contends that the officer had no "founded" suspicion for his conduct in searching the jacket, citing *Holder v. State*, 141 Ga. App. 426, 427 (233 SE2d 501), that there were insufficient "specific and articulable facts" to justify the search of his jacket. We disagree. The *Holder* case does not apply to the facts here. The officer was justified in conducting a limited search for weapons as there was a legitimate stop of the vehicle and subsequent facts disclosed that the defendant might be armed and dangerous. See Pennsylvania v. Mimms, 434 U. S. 106 (98 SC 330, 54 LE2d 331); Terry v. Ohio, 392 U. S. 1, 16-27 (88 SC 1868; 20 LE2d 889). See also *Hansen v. State*, 168 Ga. App. 304 (308 SE2d 643).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Alden W. Snead*, for appellant.
*Robert E. Wilson*, District Attorney, *James M. McDaniel*, Assistant District Attorney, for appellee.