A93A0212. THE STATE v. JOHNSON.
(432 SE2d 580)

BLACKBURN, Judge.
Appellee Johnson was arrested and charged with possession of a firearm during the commission of a crime, theft by retaining stolen property, trafficking cocaine, possession of a firearm by a convicted felon, and obstruction. The state filed a petition for the revocation of Johnson's probation. Prior to the hearing on the state's petition, Johnson's motion to suppress evidence was granted by the trial court. The trial court determined that the officer's conduct at the scene in detaining Johnson, a passenger in a car pulled over for a traffic violation, was "not founded upon a reasonable suspicion" and "inappropriate because unnecessarily prolonged." The state appeals the trial court's ruling on Johnson's motion to suppress.

On May 4, 1992, Officer Patrick of the Athens-Clarke County Police Department stopped a vehicle for an expired license tag. The vehicle did not immediately respond to the officer's flashing blue lights, but eventually pulled onto the lawn of a residence in an area described as a "high crime area." As the vehicle stopped, two passengers exited and began to walk away "at a fast stride." One of those passen-

gers, Troy Johnson, is the appellee. The driver remained in the vehicle. Officer Patrick ordered the passengers to come back to the car until he was finished with the traffic stop. The two passengers complied by returning to the vehicle. Johnson returned to the front passenger seat, although he had exited from the rear passenger door.

Officer Patrick then approached the vehicle and asked the driver for his license and proof of insurance. The driver did not have his driver's license, but gave Officer Patrick his driver's license number and an expired proof of insurance in another person's name. Officer Patrick noted Johnson's nervous behavior and recognized the driver as someone he had previously arrested for a concealed weapon. At this point, Officer Patrick saw a knife on the rear floorboard behind the driver's seat. He asked the driver to exit the vehicle and conducted a pat-down search for weapons. Officer Patrick did not find any weapons on the driver, who returned to the vehicle. Officer Patrick then walked around to the passenger side of the vehicle. Upon doing so, he noticed the butt of a gun[1] between the front passenger seat and the center console, next to Johnson. Officer Patrick then asked Johnson to step out for a pat-down search. Initially, Johnson would not comply; however, he eventually got out of the car. Officer Patrick immediately noticed a large bulge in Johnson's back pocket.[2] Johnson refused to cooperate during the pat-down search, and, at one point, tried to run away. Johnson was restrained by Officer Patrick with the assistance of another officer on the scene. During the struggle, Johnson took off his cap and attempted to throw it toward a crowd which had gathered to watch. A third officer retrieved the hat. In the hat, was a plastic bag which contained approximately 37.2 grams of cocaine. Thereafter, Johnson was arrested.

In his motion to suppress, Johnson asserted that Officer Patrick's seizure of his person was unreasonable and without articulable suspicion. Johnson further argued that the pat-down search was unlawful and unjustified as the totality of the circumstances would not have led a reasonable person to conclude that such an intrusion was necessary. The trial court agreed and granted Johnson's motion to suppress.

On appeal, the state argues that the trial court erred in finding that Officer Patrick's detention of Johnson was unnecessarily prolonged and not founded upon reasonable suspicion. We agree.

It is undisputed that the initial stop of the vehicle was conducted with probable cause due to its operation with expired license tags. Officer Patrick testified that Johnson's immediate departure from the

---

[1] It was later determined that the gun was a Ruger which had been stolen in 1990 from its owner in Jackson County.

[2] The bulge was later identified as a roll of United States currency totaling $1,998.

vehicle, "before the vehicle had stopped," was suspicious. Even if the stop had been without probable cause, Officer Patrick could have stopped the "automobile and conduct[ed] a limited investigative inquiry of its occupants . . . if he [had] reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Citation and punctuation omitted.) *Mallarino v. State*, 190 Ga. App. 398, 401 (379 SE2d 210) (1989). Officer Patrick's detention of Johnson was not arbitrary or harassing. He had stopped the vehicle with probable cause and was immediately confronted with suspicious behavior of the two passengers who attempted to walk away into a "high crime area,"[3] either of which could have been the owner of the subject vehicle, or the vehicle could have been stolen.

At this point, Officer Patrick's detention of Johnson turned into a *Terry*-type stop. "*Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. [Cit.] A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612) (1971). "The United States Supreme Court has adopted a dual inquiry for evaluating the reasonableness of an investigative stop, to-wit: whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. The second part of this inquiry includes a consideration of the requirement for brevity. In assessing the effect of the length of the detention, it must be determined whether the police diligently pursued their investigation." (Citations and punctuation omitted.) *Mallarino*, 190 Ga. App. at 401.

"Analyzing the facts of the present case in the light of these authorities, we find no evidence of arbitrary harassment or absence of the kind of suspicious conduct that justifies an investigative inquiry." *Brisbane v. State*, 233 Ga. 339, 342 (211 SE2d 294) (1974). Upon the passengers' re-entry into the vehicle, Officer Patrick approached the car and first asked the driver for his license and registration. Immediately thereafter, Officer Patrick observed the knife in the floorboard of the back seat. He also recognized the driver as someone he had previously arrested for carrying a concealed weapon. For Officer Patrick's safety, he requested that the driver exit the vehicle for a patdown search, and was authorized at that time to also search the pas-

---

[3] In his brief on appeal, Johnson argues that he exited the vehicle because he had reached his destination; however, no evidence was presented that this was, in fact, the case. Furthermore, such a contention would not be sufficient when, as in the present case, the vehicle did not immediately respond to the officer's flashing blue lights.

sengers. Next, Officer Patrick noted Johnson's continued nervous behavior. Thereafter, Officer Patrick saw the butt of a gun within Johnson's reach between the console and the passenger seat. This additional information authorized a continuation of Johnson's detention for a pat-down search for additional weapons and questioning regarding the presence of the gun. "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, he may conduct a limited protective search for concealed weapons." (Citation and punctuation omitted.) *Adams*, 407 U. S. at 146.

At each step in Officer Patrick's investigation, he obtained information which justified the continued detention of the vehicle and its passengers. Furthermore, the investigation was conducted with apparent diligence. There was no evidence presented as to the longevity of the detention; however, the facts indicate a detention of only a few minutes.

"The officer was justified in conducting a limited search for weapons as there was a legitimate stop of the vehicle and subsequent facts disclosed that [Johnson] might be armed and dangerous. [Cits.]" *Ammons v. State*, 172 Ga. App. 235, 236 (322 SE2d 543) (1984) (involving the frisk of a passenger in a vehicle stopped for drag racing).

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MAY 26, 1993 —
RECONSIDERATION DENIED JUNE 17, 1993 — 

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellant.

*Cook, Noell, Tolley & Wiggins, Morton M. Wiggins III*, for appellee.

