A95A2385. THE STATE v. DURAN et al.
(469 SE2d 429)

BEASLEY, Chief Judge.

An indictment was returned against Duran and his common law wife Guerra charging them with trafficking in cocaine. OCGA § 16-13-31 (a). They filed separate motions to suppress, and a joint amended motion, challenging the legality of the search that resulted in the seizure of the cocaine. After conducting hearings, the court denied the amended motion. The defendants moved for reconsideration based upon *Smith v. State*, 216 Ga. App. 453 (454 SE2d 635) (1995), and the State appeals the order granting that motion.

The evidence introduced at the hearings showed that Georgia State Patrolman Ogden stopped an automobile in which Duran was driving. Guerra was the front seat passenger, and their two children were in the back seat. Prior to stopping the automobile on I-95, Ogden determined that it was traveling 85 mph in a 65 mph speed zone, that Duran had been following too close to the vehicle in front of him, and that he was not wearing a seat belt. Ogden cited Duran for all three offenses.

Ogden communicated with Duran through Guerra because Duran spoke no significant amount of English. During the course of the traffic stop, Ogden asked questions of Guerra concerning the registration of the car and the purpose of the trip, which she said was from Miami to New York. According to Ogden, she gave inconsistent answers to his questions.

After he issued the citations to Duran and returned his driver's license, Ogden asked Guerra where their clothes were. She said they were in the trunk. Ogden then asked of Guerra: "Would you mind opening the trunk? Do you mind? Does he mind?" There was no verbal response, but Duran and Guerra stepped out of the car and Duran unlocked the trunk, where a large quantity of clothing was observed covering the floor of the trunk. Ogden asked Duran to stay there for a second and walked to the patrol car. The videotape which had been recording this ceased recording until eight minutes later, when it focused on the interior of the trunk. Ogden said: "I appreciate you letting me search your car, okay?" The search commenced and produced a large quantity of cocaine from under a false floor in the trunk.

The video camera did not record the part of the stop in which Ogden testified that he asked for permission to search the car and its contents. Ogden explained this as being attributable to a malfunctioning alternator. Duran and Guerra testified that Ogden did not ask them if he could search the vehicle and its contents, but rather asked if he could "check the car."

Through the amended motion to suppress, defendants challenged the legality of the search on grounds that Ogden did not have any reason to believe the defendants were involved in any criminal activity other than the commission of traffic offenses, that Ogden manually turned off the video camera before allegedly asking them for permission to search the automobile and its contents, and that the scope of the search exceeded any consent given.

1. The State asserts that Guerra lacked standing to contest the search, based on Duran's testimony that the automobile was loaned to him and that he did all of the driving and never gave the keys to Guerra.

The evidence shows that Guerra is Duran's common law wife and that at the time of the stop they and their two children were jointly occupying the automobile on a trip from Miami to New York. The trunk contained clothing belonging to Guerra as well as Duran. This evidence establishes that Guerra was more than a "mere passenger" and had a joint possessory interest as well as a legitimate expectation of privacy in the trunk. Therefore, she has standing to contest the search. See generally *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978); compare *State v. Combs*, 191 Ga. App. 625 (1) (382 SE2d 691) (1989), with *Mecale v. State*, 186 Ga. App. 276 (367 SE2d 52) (1988).

2. The State also argues that *Smith*, supra, is distinguishable from this case. We agree. In *Smith*, it was uncontroverted that the defendant did not consent to the search of his vehicle. Nonetheless, the trial court's grant of the defendants' motion for reconsideration was based not only on *Smith*, but also on its further review of the

record and of the citations and arguments previously made by defendants. The transcripts and videotape were on file at that time. As recognized by the State, the ultimate issue raised by the defendants is whether the scope of the search exceeded any consent given.

The trial court's ruling on questions of fact and credibility must be accepted unless clearly erroneous; they will not be disturbed if there is any evidence to support them. *Rogers v. State,* 206 Ga. App. 654 (426 SE2d 209) (1992). We must also construe the evidence most favorably to upholding the trial court's judgment. *Tate v. State,* 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The evidence supports a finding favorable to the defendants on this issue. See *Amato v. State,* 193 Ga. App. 459 (388 SE2d 54) (1989). Applying these principles, the court's grant of the motion is affirmed. See generally *Kersey v. United States Shoe Corp.,* 211 Ga. App. 655, 658 (440 SE2d 250) (1994).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 21, 1996.

*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr.,* for appellant.

*Christopher A. Frazier, Clyde M. Urquhart,* for appellees.