A96A0828. HODGES v. THE STATE.
(474 SE2d 218)

Judge Harold R. Banke.

McKinley Hodges appeals his conviction and sentence on charges of robbery by force (OCGA § 16-8-40 (a) (1)) and entering an auto with intent to commit theft (OCGA § 16-8-18). *Held*:

1. In his first three enumerations of error, Hodges claims the State produced insufficient evidence to support his conviction for robbery by force. We apply the standard set forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979) and view the evidence with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

Hodges and other men and women were gathered for a party at his apartment. Hodges called and ordered pizza delivery. When the pizza arrived, Hodges and several others were standing in a group in front of the apartment. Hodges' uncle grabbed the delivery man and hit him while Hodges' brother and another young man took money

and the pizza from the victim's car. As the victim was running away, Hodges drove off in the victim's car. Hodges' argument that he did not participate in a robbery by force because the victim had "abandoned" his car is completely without merit. See *Maddox v. State*, 174 Ga. App. 728 (1) (330 SE2d 911) (1985) (defendant took items after frightening away victim). Based on Hodges' actions before, during, and after this incident, the jury was entitled to find him a party to the crime. *Hull v. State*, 265 Ga. 757, 758-759 (1) (462 SE2d 596) (1995).

2. In his fourth, fifth, and sixth enumerations of error, Hodges similarly contends the State did not prove beyond a reasonable doubt that he was a party to the crime of entering an auto. See *Patterson*, supra. After Hodges drove off in the victim's car, police found it parked in the neighborhood but left it there. An eyewitness, who had reported the car to police, later saw a man enter the car and remove something. That man walked to the corner and handed a "box-type" item to the driver of another vehicle, got in the vehicle, and drove away. She reported the incident to police, who within minutes stopped Hodges and his uncle in a car matching her description. Hodges was driving, and under his uncle's passenger seat police found the victim's car stereo, which he testified had been removed from his car. This evidence allowed the jury to infer that Hodges was a party to this crime and sufficiently supports the conviction. *Hull*, supra.

3. Hodges' contention that the court committed reversible error by failing to give an unrequested charge on circumstantial evidence has no merit. Eyewitness testimony provided direct evidence that Hodges committed acts making him a party to each of the charged crimes. *Yarn v. State*, 265 Ga. 787, 791 (2) (462 SE2d 359) (1995). Because the State's case was not based entirely on circumstantial evidence, the failure to give this unrequested charge is not error. *Stubbs v. State*, 265 Ga. 883, 884 (1) (463 SE2d 686) (1995).

4. Finally, Hodges claims the trial court erred by allowing a rebuttal witness to testify even though her name was not on the list of witnesses the State supplied to the defense. Because this case was indicted before January 1, 1995, former OCGA § 17-7-110 applies. "The exclusion of testimony from a witness whose name has not been provided to the defense by the State pursuant to OCGA § 17-7-110 does not apply to rebuttal witnesses. [Cit.]" *Leatherwood v. State*, 212 Ga. App. 342, 343-344 (3) (441 SE2d 813) (1994). To the extent this witness's testimony constituted an integral part of the State's case and not mere rebuttal, we note that defense counsel admitted his knowledge of this witness through her testimony in the separate trial of Hodges' co-defendant. Furthermore, defense counsel made no motion for continuance and no effort to interview the witness. Under

these circumstances, we find no error. *Bleckley v. State*, 214 Ga. App. 860, 861 (3) (449 SE2d 351) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 10, 1996 —
RECONSIDERATION DISMISSED JULY 31, 1996.

*James W. Smith*, for appellant.

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.