A98A1447. WILLIAMS v. THE STATE.
(503 SE2d 324)

ELDRIDGE, Judge.

John Fitzgerald Williams appeals a Gwinnett County jury's verdict finding him guilty of trafficking in cocaine and possession of a firearm during the commission of a felony. We affirm.

The evidence shows that in October 1995, at approximately 7:15 p.m., Williams' car was pulled over on I-85 by Gwinnett County Sheriff's deputy W. G. Chapel for following another vehicle too closely.[1] Deputy P. Corso, who had been eating dinner with Chapel just prior to the stop, was behind deputy Chapel's vehicle and pulled in to render assistance in the stop. Corso is a K-9 handler for the Gwinnett County Sheriff's Department, and his drug dog was in his patrol car.

Deputy Chapel asked Williams for his license, registration, and

---

[1] The record in this case includes a videotape of the initial traffic stop involved.

proof of insurance. After receiving same, Chapel ran a computer check of Williams' license for outstanding violations. Because "John F. Williams" is a common name, the computer registered 12 to 15 "hits," i.e., possibilities of pending violations. Time was required for Chapel to check these possibilities on the computer and eliminate them.

During the course of the computer license check, deputy Chapel asked Williams if he had a weapon; Williams responded affirmatively, and deputy Corso retrieved a loaded handgun from the glove compartment of Williams' car. Following the license check, Chapel ran a quick computer check on the weapon. Approximately 35 minutes elapsed since the initial stop and the completion of the computer checks.

After his investigation was complete, Chapel returned the weapon to Williams' vehicle, wrote out a courtesy "warning" ticket for Williams, and told him he was free to leave. Williams expressed extreme joy, shaking both deputies' hands and hugging deputy Chapel. Thereafter, directly in front of the patrol car's video camera, deputy Chapel asked Williams if he could perform a search of his car prior to his departure. Williams consented. Chapel asked deputy Corso to perform the search with his drug dog. The dog "alerted" first on the left, back door of the car and then on a shoe box in the back floorboard of the car. The shoe box contained 503.3 grams of cocaine. *Held*:

1. Williams challenges the trial court's denial of his motion to suppress. Williams contends that the length of and purpose for his detention exceeded the boundaries of a legitimate *Terry*[2] traffic stop. He relies upon this Court's decision in *Smith v. State*[3] to support his contentions.

Our decision in *Smith v. State*, supra, is not applicable. Here, Williams voluntarily consented to the search of his vehicle; thus, the purpose for the initial traffic stop does not impact on the legitimacy of the search. See *State v. Duran*, 220 Ga. App. 296, 297 (2) (469 SE2d 429) (1996); see also *Simmons v. State*, 223 Ga. App. 781, 782 (479 SE2d 123) (1996).

Further, "an officer conducting a routine traffic stop may request and examine a driver's license and vehicle registration and run a computer check on the documents." (Citations and punctuation omitted.) *Sutton v. State*, 223 Ga. App. 721, 723 (478 SE2d 910) (1996). We decline to find, as appellant's argument suggests, that an officer running such legitimate check must abandon it when the commonal-

---

[2] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1967).
[3] 216 Ga. App. 453 (454 SE2d 635) (1995).

ity of a detainee's name requires a somewhat more time consuming effort. As long as the purpose for the detention is legitimate, the duration of the detention remains reasonable, and the investigation remains diligent throughout, the requirements of *Terry* are met. *State v. Johnson*, 209 Ga. App. 84, 86 (432 SE2d 580) (1993). Accordingly, we find no error in the trial court's denial of Williams' motion to suppress on the bases enumerated.

2. We find no merit to Williams' contention that his conviction warrants reversal because a superior court clerk was not present in the courtroom during his trial. Nothing regarding the specific, statutory duties of a superior court clerk requires his or her presence in the courtroom during trial. OCGA §§ 15-6-61; 15-6-62. In fact, the statutory duties of the clerk were amended in 1989 to remove the requirement that a clerk of the superior court "attend all sessions of the court[.]" Ga. L. 1989, pp. 395, 399.

Further, also contrary to appellant's contentions, the current statutory duties of a superior court clerk do not include providing aid to criminal defendants during trial, so as to render the absence of such clerk a "deni[al] [of Williams'] fundamental procedural and substantive right to have clerical assistance during his felony prosecution." Accordingly, the trial court did not err in excusing the clerk during the trial of Williams' case.

3. It has long been the law in this State that where the trial court exercises its discretion in allowing a police officer who is the nominal prosecutor to remain in the courtroom based on the district attorney's statement that such officer's presence is necessary for the orderly presentation of the State's case, the discretion of the court in allowing him to remain will not be disturbed. *Davis v. State*, 225 Ga. App. 564, 569 (6) (484 SE2d 284) (1997); *Howard v. State*, 144 Ga. App. 31 (240 SE2d 589) (1977). Accordingly, there was no violation of the "Rule of Sequestration" as enumerated by Williams.

4. Next, Williams challenges the trial court's charge to the jury on intent, claiming that the "inference" language in the charge shifted the burden of proof to the defense and thus rendered Williams' conviction illegal. "We reject any suggestion that the 'you may infer' language in the charge on intent was unconstitutionally burden shifting. The jury was clearly instructed that whether or not it made the inference was a matter solely within its discretion. The charge was permissive in nature and did not require the jury to draw a conclusion." (Citations omitted.) *Roberson v. State*, 265 Ga. 658, 661 (6) (461 SE2d 212) (1995).

5. Williams also challenges the trial court's charge to the jury that "If you find the person owns or leases a vehicle, you'll be permitted, but not required, to infer that such a person is in possession of the entire premises and all the property located on that premises."

Williams objects to this charge on the grounds that the State allegedly presented no proof that he leased or owned the vehicle in which he was stopped, and thus, the charge was allegedly burden shifting, placing "the burden of proving this defense on the Defendant." We do not agree. The evidence was replete with references by Williams to "my car"; Williams testified that he gave deputy Chapel the registration to his car; and the defense attorney asked Williams about "your car." Sufficient evidence was presented from which the jury could conclude that Williams had a possessory interest in the car so as to make the challenged jury charge proper. *McGinnis v. State*, 208 Ga. App. 354, 355 (3) (430 SE2d 618) (1993).

6. Finally, Williams challenges the circumstantial evidence charge given to the jury, contending that the trial court's instruction was not clear as to what circumstantial evidence is and how it may be applied. We do not agree. A review of the trial court's charge on such evidence shows that the court fully defined circumstantial evidence and instructed the jury that "[t]he comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for the jury to decide."

Further, the State's evidence in this case was not dependent solely upon circumstantial evidence, and Williams did not submit a request to charge on circumstantial evidence. Under such a scenario, there was no error in the trial court's charge. *Yarn v. State*, 265 Ga. 787 (462 SE2d 359) (1995); *Hodges v. State*, 222 Ga. App. 381, 382 (3) (474 SE2d 218) (1996).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 23, 1998.

*Daniel B. Kane*, for appellant.
*Daniel J. Porter, District Attorney, Ben L. Leutwyler III, Assistant District Attorney*, for appellee.