## A03A1711. SPENCE v. THE STATE.
(587 SE2d 766)

PHIPPS, Judge.

James Christopher Spence appeals his convictions of driving under the influence of alcohol to the extent that it was less safe to drive and failure to maintain lane. He challenges the trial court's denial of his motion to suppress. Finding no error, we affirm.

After Dawson County police officer Justin Siegel was advised by another patrol officer of the possibility that a drunk driver was operating a described vehicle in a certain area, Siegel spotted Spence operating the vehicle. Spence was driving approximately 35 mph in a 45-mph speed zone. After Siegel observed Spence weave substantially outside his lane of travel, he initiated a traffic stop, performed field sobriety tests, and administered a breath test to Spence. As a result, Spence was charged with driving with an unlawful blood alcohol concentration, driving under the influence of alcohol to the extent that he was a less safe driver, and failing to maintain lane. After the trial court denied Spence's motion to suppress evidence gathered incident to the traffic stop, Spence was convicted at a bench trial of DUI less safe to drive and failure to maintain lane.

1. First, he contends that the trial court erred in finding that Siegel had lawful grounds to stop his vehicle. Spence argues that, insofar as the record shows, the collective knowledge of Siegel and the other officer was insufficient to provide reasonable suspicion of criminal activity.[1] We find no merit in this claim of error, as failing to maintain one's lane justifies a stop of a vehicle for a traffic violation.[2]

---

[1] See generally *Duke v. State*, 257 Ga. App. 609 (571 SE2d 414) (2002).

[2] See *Semich v. State*, 234 Ga. App. 89, 91 (506 SE2d 216) (1998); *Williams v. State*, 233 Ga. App. 70, 71 (1) (503 SE2d 324) (1998); compare *Duke v. State*, supra (officer stopped defendant's car solely because of radio dispatch, not because he observed any traffic violations or criminal activity).

2. Spence next contends that the court erred in refusing to exclude the results of the state-administered breath test because Siegel failed to comply with his request for an independent urine test.[3] Spence also points to Siegel's testimony that he had informed Spence that a urine test is generally used to detect the presence of drugs rather than alcohol and that he did not know if urine tests detected the presence of alcohol. Spence complains of Siegel's failure to confirm the accuracy of this information.

We find no merit in this claim of error, as Siegel's testimony authorized the court to find that Spence did not request an independent urine test. It is true that if urine tests are used to detect the presence of alcohol, Spence would have a claim that Siegel provided him with misleading information that impaired his ability to make an informed decision about whether to exercise his right to an independent test.[4] Spence, however, has not shown that the information was false. For the purposes of this appeal, we must therefore assume that such information was correct in this case, as in *Lovell v. State*.[5]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 4, 2003 —
RECONSIDERATION DENIED SEPTEMBER 25, 2003.

*Fox, Chandler, Homans, Hicks & McKinnon, Graham McKinnon IV, Cheryl H. Kelley*, for appellant.

*Jason J. Deal, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

[3] See generally *O'Dell v. State*, 200 Ga. App. 655 (2) (409 SE2d 54) (1991).
[4] See *State v. Terry*, 236 Ga. App. 248 (511 SE2d 608) (1999).
[5] 178 Ga. App. 366, 368 (2) (343 SE2d 414) (1986) (hospital to which defendant was transported did not administer urine test for alcohol content).