## A08A0005. JOHNSON v. THE STATE.
### (656 SE2d 161)

BLACKBURN, Presiding Judge.

Following a jury trial, Michael Johnson appeals his convictions for possession of cocaine with intent to distribute,[1] misdemeanor possession of marijuana,[2] and misdemeanor obstruction of an officer.[3] He argues that the trial court erred in denying his motion to suppress the contraband obtained from his person during a traffic stop when police tried to frisk him for a knife that he admitted to having in a pocket from which he refused to remove his hand. Because police reasonably apprehended that the knife posed a threat to their safety, they were fully justified in attempting to remove that knife from Johnson's person. Johnson's fleeing from police before they could do so and his refusal to halt when so commanded by police justified the

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-2 (b).

[3] OCGA § 16-10-24 (a).

police in arresting him for obstruction and in searching his person incident to that arrest. The contraband found on Johnson was therefore legally obtained, which results in our affirming his convictions.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings . . . will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Lewis v. State*.[4] We consider both the transcript from the hearing and from the trial. Id.

So construed, the evidence shows that a uniformed officer in his marked patrol car witnessed a vehicle make a U-turn in front of a bank that had recently been robbed, then travel slowly and pull over to the shoulder of the road on the grass and come to a stop. Concerned that the vehicle may have broken down or that the driver or passenger was experiencing problems such as illness or injury, and suspicious of this behavior in front of a recently-robbed bank, the officer attempted through hand gestures to gain the attention of the driver, but to no avail. The officer then parked his patrol car near the vehicle and initiated a traffic stop by activating his blue lights and approaching the vehicle.

The officer asked the driver if he was okay and then asked him why he was there. Exhibiting extreme nervousness, the driver gave conflicting explanations for his stopping there. The officer then asked for his driver's license and learned that his license was suspended. After arresting the driver and placing him in the back of the patrol car, the officer (now accompanied by a second officer who had since arrived) asked Johnson, who was the passenger, to exit the vehicle so that the officers could search the vehicle incident to the driver's arrest. See *Carter v. State*[5] (officers may order a passenger out of a validly stopped vehicle). When Johnson exited the vehicle, the second officer asked him if he had any weapons on him, to which Johnson responded that he had a sharp knife in his right pocket, in which he had his hand. The first officer repeatedly directed Johnson to remove his hand from that pocket, but Johnson refused. The officer tried to remove Johnson's hand from that pocket so that the officer could pat him down and retrieve the knife, whereupon Johnson fled.

The officer commanded Johnson to halt, but he continued to flee. Both officers chased him down and arrested him for obstruction. The search incident to the arrest revealed eight bags of cocaine and some marijuana on his person; the knife was found on the ground next to the vehicle.

---

[4] *Lewis v. State*, 233 Ga. App. 560 (1) (504 SE2d 732) (1998).
[5] *Carter v. State*, 229 Ga. App. 417, 419 (494 SE2d 108) (1997).

Indicted for possession of cocaine with intent to distribute, possession of marijuana, and obstruction of an officer, Johnson moved to suppress the contraband found on his person during the search incident to his arrest. The court denied that motion, and the subsequent jury trial resulted in his conviction on all three counts. He appeals.

In his sole enumeration of error, Johnson argues that the court erred in denying his motion to suppress. Specifically, he does not challenge the validity of the traffic stop but rather claims that the officers had no right to pat him down or to search him for weapons. This argument fails.

"Under *Terry v. Ohio*,[6] a law enforcement officer, for his own protection and safety, may conduct a patdown to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted." (Punctuation omitted.) *Holmes v. State*.[7] See *Feaster v. State*[8] ("[i]n conducting an investigatory stop pursuant to *Terry v. Ohio*, [supra], a police officer is entitled to conduct a limited pat-down search of the suspect for weapons if the officer reasonably believes that the suspect poses a threat to his safety or the safety of others"). Under such an apprehension, the officer has "the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." (Punctuation omitted.) *Rucker v. State*.[9] See *Howell v. State*.[10] Thus, we have consistently upheld pat-down frisks of car passengers during a traffic stop where the officer has reason to believe that the passenger may be armed with a weapon. See, e.g., *Rucker*, supra, 266 Ga. App. at 296 (2); *Howard v. State*;[11] *State v. Johnson*;[12] *Ammons v. State*.[13]

Here, Johnson expressly admitted to having a knife in his right pocket, and he further refused to remove his hand from that pocket despite repeated police requests to do so. The officers were fully justified in attempting to pat him down, to remove his hand from that pocket, and to retrieve the knife. See *Sudduth v. State*[14] (refusing to remove hand from pocket justifies pat-down). Johnson's refusal to

[6] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[7] *Holmes v. State*, 267 Ga. App. 651, 652 (601 SE2d 134) (2004).

[8] *Feaster v. State*, 283 Ga. App. 417, 421 (5) (a) (641 SE2d 635) (2007) (physical precedent only).

[9] *Rucker v. State*, 266 Ga. App. 293, 295 (2) (596 SE2d 639) (2004).

[10] *Howell v. State*, 160 Ga. App. 479, 480-481 (287 SE2d 294) (1981).

[11] *Howard v. State*, 220 Ga. App. 579, 581 (1) (469 SE2d 746) (1996).

[12] *State v. Johnson*, 209 Ga. App. 84, 87 (432 SE2d 580) (1993).

[13] *Ammons v. State*, 172 Ga. App. 235, 236 (322 SE2d 543) (1984).

[14] *Sudduth v. State*, 288 Ga. App. 541, 542 (1) (654 SE2d 446) (2007).

allow such and his decision to flee despite commands to halt justified his arrest for obstruction. See *Sprinkles v. State*[15] ("[f]light after a lawful command to halt constitutes obstruction of an officer"). As the contraband was found during a search incident to a lawful arrest, see *Lawler v. State*,[16] we hold that the court correctly denied Johnson's motion to suppress.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED DECEMBER 14, 2007.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Michael T. Garrett, Assistant District Attorney*, for appellee.

---

[15] *Sprinkles v. State*, 227 Ga. App. 112, 113 (1) (488 SE2d 492) (1997).

[16] *Lawler v. State*, 276 Ga. 229, 234 (4) (e) (576 SE2d 841) (2003).