## A08A0795. HICKS v. THE STATE.
(667 SE2d 715)

JOHNSON, Presiding Judge.

Following a bench trial, the trial court found William C. Hicks guilty of possessing methamphetamine, possessing marijuana, speeding, and driving under the influence of drugs. Hicks appeals, challenging the denial of his motion to suppress. Finding no error, we affirm.

In reviewing the trial court's ruling on a motion to suppress, we construe the evidence most favorably to uphold that judgment, and the trial court's factual findings will not be disturbed if any evidence supports them.[1] So viewed, the record shows that on January 31, 2006, Trooper Jeff Adamson observed a pickup truck driven by Hicks traveling 66 miles per hour in a 45 mile-per-hour speed zone. Adamson stopped the vehicle and asked Hicks to step to the rear of the truck.

As they spoke outside the vehicle, Adamson noticed that Hicks was extremely nervous, almost to the level of "paranoia." Adamson asked Hicks why he was speeding, then inquired whether he had any weapons. Hicks replied that he had a pocketknife and began to reach into his front pocket. Concerned by Hicks' demeanor and assertion about the knife, Adamson instructed Hicks to remove his hand from the pocket. The trooper then stated that he was going to pat Hicks down and asked for consent to reach inside Hicks' pockets. Hicks consented.

---

[1] *Johnson v. State*, 289 Ga. App. 27, 28 (656 SE2d 161) (2007).

During the pat-down, Adamson felt the outside of Hicks' front pocket and detected an object that he believed to be a glass pipe commonly used to smoke methamphetamine. According to Adamson, the object felt like other glass drug pipes he had seized in the past, and he "could clearly feel it through the pocket." At that point — and based on his prior experience with persons using methamphetamine — Adamson handcuffed Hicks for his safety and continued the search. He seized the pipe and also located a small bag of suspected methamphetamine in one of Hicks' pockets. Adamson then arrested Hicks for possession of methamphetamine.

On appeal, Hicks argues that Adamson illegally detained and searched him based only upon his nervous demeanor. We disagree.

"[A] law enforcement officer, for his own protection and safety, may conduct a patdown to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted."[2] Adamson properly stopped Hicks for speeding and, during the course of the lawful detention, asked whether Hicks had any weapons. Hicks' statement that he had a knife, as well as his overly-nervous demeanor, made Adamson concerned for his own safety. Despite Hicks' argument to the contrary, nervousness was not the only basis for the frisk; Hicks *admitted* that he possessed a weapon, an admission that clearly factored into Adamson's decision to pat him down. Given the circumstances, the trial court was authorized to find the pat-down reasonable for officer safety.[3]

Moreover, we find nothing improper about the subsequent seizure of contraband. Under the "plain feel" doctrine, Adamson was permitted to confiscate the glass methamphetamine pipe that he detected during the pat-down.[4] Adamson also testified, and the trial court found, that Hicks consented to a search of his pockets. Hicks does not dispute on appeal that he freely consented to the search.

---

[2] (Citation and punctuation omitted.) *Holmes v. State*, 267 Ga. App. 651, 652 (601 SE2d 134) (2004).

[3] See id. at 653 (nervousness of defendant, combined with his location at a home where suspected drug sales were taking place and officer's experience that weapons were often present when drugs were involved, authorized pat-down); *Clark v. State*, 235 Ga. App. 569, 574 (2) (b) (510 SE2d 319) (1998) (physical precedent only) (defendant's admission that he was armed authorized pat-down); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997) (following proper traffic stop, officer authorized to pat down nervous and fidgety defendant who had recently exited apartment building where undercover drug buy had previously taken place). On appeal, Hicks cites us to *Debord v. State*, 276 Ga. App. 110, 113-114 (622 SE2d 460) (2005), in which we found the detention and pat-down of an automobile *passenger* who had a pocketknife clipped to his belt unlawful because the police lacked reasonable suspicion that he was engaged in criminal activity. The *Debord* case does not control the result here. In contrast to *Debord*, Adamson properly detained Hicks as part of a lawful traffic stop.

[4] See *Holmes*, supra at 653 (under the "plain feel" doctrine, "contraband identified through an officer's sense of touch in the course of a lawful *Terry* patdown may be seized") (citation omitted).

And based on that consent, Adamson was authorized to reach into Hicks' pockets and seize any contraband — such as methamphetamine — found inside.[5] Accordingly, the trial court properly denied Hicks' motion to suppress.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 30, 2008.

*Stephen F. Lanier*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

---

[5] See *State v. Davis*, 283 Ga. App. 200, 203 (2) (641 SE2d 205) (2007) (officer authorized to seize cocaine from defendant's pocket after defendant consented to search of that pocket).