A08A2034. THE STATE v. KIPPLE.
(669 SE2d 185)

ANDREWS, Judge.

The State appeals pursuant to OCGA § 5-7-1 (a) (4) from the trial court's pre-trial order suppressing evidence which John Calhoun Kipple, Jr., contended a police officer illegally obtained in violation of the Fourth Amendment by patting him down for weapons during a traffic stop of a vehicle in which he was a passenger. We reverse. The pat-down was justified because there was a reasonable basis for the officer to conclude that Kipple was armed and posed a threat to his safety.

The police officer lawfully stopped the vehicle in which Kipple was a passenger after observing the vehicle weave erratically in and out of its lane. During the stop, in which the driver was arrested for driving on a suspended license, the officer ordered Kipple to get out of the vehicle. When Kipple exited, the officer asked him if he had any weapons on his person, and Kipple told the officer that he had a knife in a holder on his belt and handed the knife to the officer. To ensure that Kipple had no more weapons on his person, the officer then conducted a pat-down of Kipple's outer clothing. The officer felt a large hard object in Kipple's back pocket and asked Kipple if it was his wallet. Kipple said no and told the officer it was "some scales."

---

[8] *Hot Shot*, supra at 375.

The officer asked Kipple for permission to remove the object from his pocket, and Kipple consented and told the officer that he used the scales to weigh jewelry. The officer removed the object, which was in fact scales, and saw that there was a white, crystal-like substance on the scales that appeared to be methamphetamine residue. When the officer asked about the residue, Kipple explained that it was a miniature scale that he used to weigh drywall. During a subsequent search of the vehicle incident to the driver's arrest, the officer found a container holding a quantity of what appeared to be methamphetamine in the form of the same white, crystal-like substance that the officer saw on the scales. At that point, Kipple and the driver were arrested for possession of the suspected methamphetamine.

1. Kipple was seized by the officer within the meaning of the Fourth Amendment when the officer lawfully stopped the vehicle in which he was a passenger. *Brendlin v. California*, 551 U. S. 249 (127 SC 2400, 2405-2406, 2410, 168 LE2d 132) (2007); *State v. Williams*, 264 Ga. App. 199, 201 (590 SE2d 151) (2003). As a precautionary measure, the officer was entitled during the stop to order the driver and any passenger to get out of the vehicle without having any suspicion that they posed a threat to the officer's safety. *Brendlin*, 127 SC at 2407. At issue here is whether, after Kipple was ordered to get out of the vehicle, the officer was entitled to conduct the pat-down which produced the residue-coated scales. Because an ordinary traffic stop of a vehicle is more akin to an investigative detention under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) than to a formal arrest on probable cause, the Fourth Amendment principles set forth in *Terry* apply under these circumstances. *Williams*, 264 Ga. App. at 201. Under *Terry*, an officer, for his own protection and safety, may conduct a pat-down search of the outer clothing of the driver or any passenger in the vehicle to discover weapons if the officer has a reasonable basis to believe or suspect that such person may be armed. *Johnson v. State*, 289 Ga. App. 27, 29 (656 SE2d 161) (2007); *Terry*, 392 U. S. at 27-30; *Ybarra v. Illinois*, 444 U. S. 85, 92-94 (100 SC 338, 62 LE2d 238) (1979); *Knowles v. Iowa*, 525 U. S. 113, 117-118 (119 SC 484, 142 LE2d 492) (1998). The issue does not turn on the officer's subjective belief; rather the issue is whether the officer has objectively reasonable grounds to believe or suspect that the person may be armed. *United States v. Holmes*, 385 F3d 786, 790 (D.C. Cir. 2004); *Ohio v. Robinette*, 519 U. S. 33, 39 (117 SC 417, 136 LE2d 347) (1996). *Terry* does not require that the officer "be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U. S. at 27. Accordingly, an officer may perform a protective pat-down under *Terry* if the officer

has reason to believe, based on "specific and articulable facts . . . taken together with rational inferences from those facts," that the individual is armed. (Footnote omitted.) Id. at 21, 27.

The trial court granted Kipple's motion to suppress evidence of the scales found as a result of the pat-down because it found that the officer had no reasonable basis to conduct the pat-down. The trial court also suppressed evidence of Kipple's "statements related to the search of [his] person" at the scene of the vehicle stop on the basis that they were tainted by the illegal pat-down search. We hold to the contrary that the pat-down was justified because the officer had a reasonable basis to believe or suspect that Kipple was armed. When the officer asked Kipple if he was armed, Kipple responded affirmatively and gave the officer a knife he carried in a holder on his belt. Although the holder or the knife was in a visible location on Kipple's belt, it is not clear whether the officer saw the knife before Kipple handed it over. In any event, because the record shows that Kipple was armed with a knife that he gave to the officer, we find there were specific and articulable facts taken together with rational inferences from those facts which provided the officer with a reasonable basis to believe or suspect that Kipple might be armed with another weapon on his person. *Clark v. State*, 235 Ga. App. 569, 574 (510 SE2d 319) (1998). It was reasonably prudent after taking control of the knife for the officer to conduct a pat-down for his own safety to determine if Kipple was still armed with another weapon. Id. The trial court erred by suppressing evidence of the scales and statements made by Kipple at the stop scene on the basis that the pat-down violated the Fourth Amendment.

2. We do not address the State's additional claim that the trial court erroneously suppressed Kipple's statements at the stop scene prior to his formal arrest on the basis that Kipple had not been given the warnings required under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Although the record shows that the trial court so ruled orally at the suppression hearing, that ruling was not included in the written order entered on the motion to suppress. "[T]he State has the right to appeal oral orders only when the transcript affirmatively shows that the State requested the trial court to put the oral order in written form and that the trial court refused to do so." *State v. Morrell*, 281 Ga. 152, 153 (635 SE2d 716) (2006). Because the record does not show that the State made this request, the State has no right to appeal from the oral order, and this portion of the State's appeal must be dismissed. Id.

*Judgment reversed in part and appeal dismissed in part. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 20, 2008 —
RECONSIDERATION DENIED NOVEMBER 7, 2008 — 

*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellant.
*Nicholas E. White*, for appellee.