# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0604.  THE STATE v. VICTOR HENDERSON.**
**A19A0605.  THE STATE v. BENNIE WILLIS.**

The State has charged co-defendants Victor Henderson and Bennie Wills with second-degree burglary and theft by receiving.  The defendants moved to suppress statements they allegedly made to law enforcement officers, and, after a *Jackson Denno*[1] hearing, the trial court granted the motion and ordered that the statements would be excluded from the evidence presented at trial.  The State then filed these notices of appeal.  We, however, lack jurisdiction because the trial court's ruling has not been reduced to writing.

Pursuant to OCGA § 5-7-1 (a) (4), in a criminal case the State may file a direct appeal from a pretrial decision which suppresses evidence on the ground that it was illegally seized.  The Supreme Court has held that this provision covers a pretrial order, issued after a *Jackson Denno* hearing, that granted a defendant's motion to suppress his statement as involuntary.  *State v. Andrade*, 298 Ga. 464 (782 SE2d 665) (2016).  Here, as in *Andrade*, the trial court held a *Jackson Denno* hearing and then granted the defendants' motion to suppress on the ground that the statements were involuntary.  Thus, the State's appeal from the trial court's ruling falls within the scope of OCGA § 5-7-1 (a) (4).

The record on appeal, however, does not include a written order granting the motion to suppress.  "It is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk."

---

[1] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

*Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987).   There is an exception when the record "affirmatively shows that the State requested the trial court to put the oral orders in written form and that the trial court refused to do so." *State v. Lynch*, 286 Ga. 98, 99 (686 SE2d 244) (2009) (punctuation omitted).   See also *State v. Kipple*, 294 Ga. App. 420, 422 (2) (669 SE2d 185) (2008).   In this case, the record on appeal does not reflect any such affirmative request by the State.[2] Consequently, we lack jurisdiction to review the trial court's ruling, and these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  11/20/2018  *
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

                  *Stephen E. Castlen*     , *Clerk.*

---

[2] The clerk of the trial court sent a letter to our Clerk, stating that there is no "Final Order Suppressing the Defendants' Statement to Law Enforcement."  As an attachment to this letter, the clerk provided an email from the prosecutor in which he advised that the judge would not be entering a written order.  The record itself, however, does not reflect that the State asked the judge to enter a written order and the judge denied that request.